FILED

2008 Aug-01  AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ROCKY MOUNTAIN HOLDINGS, LLC, SE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-08-S-817-NE** |
| | ) | |
| **PEGGY COMBS,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |

| | | |
|---|---|---|
| **PEGGY COMBS,** | ) | |
| | ) | |
| **Third Party Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ZARZAUR & SCHWARTZ, P.C.,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

### MEMORANDUM OPINION

This case is, procedurally, both convoluted and perplexing.  It originated as a debt-collection action in the District Court for Morgan County, Alabama.  Rocky Mountain Holdings, LLC ("Rocky Mountain"), the plaintiff in the state court suit, asserted claims for account stated and breach of contract against Peggy Combs, in order to collect a debt of $5,622.85.[1]  Combs filed an answer to Rocky Mountain's

---

[1]*See* Complaint, appended to doc. no. 1 (Notice of Removal).

claims in the state court, denying her liability for the debt and asserting affirmative

defenses.  She also asserted a counterclaim against Rocky Mountain for violations of

the Fair Debt Collection Practices Act ,15 U.S.C. § 1692 *et seq.* ("the Act"). Combs

also asserted the Fair Debt Collection Practices Act against Zarzaur & Schwartz, P.C.

("Zarzaur"), counsel for Rocky Mountain in the state court debt collection case, as

a purported "cross claim."  Combs alleged that Rocky Mountain and Zarzaur violated

the Act by: (1) filing the debt collection suit after the statute of limitations had run

and alleging claims for breach of contract and "account stated" (one of the old

"common counts" under the common law system of pleading) when neither existed:

(2) repeatedly contacting her personally despite being informed that she was

represented by counsel; (3) "making a threat of suit and filing suit without doing a

proper debt validation"; and (4) "failing to provide proper verification of the debt and

continuing . . . debt collection efforts after [she] had disputed the debt in writing."[2]

Zarzaur removed the case to this court based upon the federal "cross-claim"

Combs asserted against it, and Rocky Mountain joined in the removal.[3]  *See Hayduk

v. United Parcel Service, Inc.,* 930 F. Supp. 584, 593-94 (S.D. Fla. 1996) ("'If the

third party complaint states a separate and independent claim which if sued upon

alone could have been brought properly in federal court,' then third-party removal is

---

[2]"Answer, Counterclaim, and Cross Complaint Against Impleaded Defendant Zarzaur & Schwartz," appended to doc. no. 1 (Notice of Removal).

[3]*See* Notice of Removal.

permissible.") (quoting *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133, 136 (5th Cir. 1980)[4]).  *See also* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."); *North Star Capital Acquisitions, LLC v. Krig,* Nos. 3:07-cv-264-J-32MCR,  3:07-cv-265-J-32TEM,  3:07-cv-266-J-32MCR,  2007  WL 3522425, at \*3-4 (M.D. Fla. Nov. 15, 2007) (slip copy) (holding that a Fair Debt Collection Practices Act counterclaim was "separate and independent" from the plaintiff's original claims for breach of contract, account stated, and money lent).

## I.  ZARZAUR'S ORIGINAL MOTION TO DISMISS AND COMBS' MOTION TO ADD A DEFENDANT

Zarzaur subsequently moved to dismiss the "cross-complaint" Combs asserted against it pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6),[5] for

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5]Federal Rule of Civil Procedure 12(b) provides, in pertinent part, that

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
> . . .
> (4) insufficient process;
> (5) insufficient service of process; [and]

insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted.[6]  The essence of Zarzaur's motion was that Combs' "cross-claim" against it should have been asserted as a third-party claim, and that, if it is considered as a third-party claim, it must be dismissed for lack of proper service because Combs did not serve Zarzaur with a summons and third-party complaint.

Zarzaur is, of course, correct on this very basic pleading concept.  A *cross-claim* is one asserted by a current party against a *co-party* (*i.e.,* a party who already has been named in the lawsuit).  *See* Fed. R. Civ. P. 13(g).[7]  A *third-party claim,* on the other hand, is asserted by a current party against a *non-party*.  *See* Fed. R. Civ. P. 14(a), (b).[8]

---

> (6) failure to state a claim upon which relief can be granted . . . .

Fed. R. Civ. P. 12(b).

[6]Doc. no. 3.

[7]Rule 13(g) states in full:

> **Crossclaim Against a Coparty.**  A pleading may state as a crossclaim any claim by one party *against a coparty* if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.  The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g) (italicized emphasis supplied, boldface emphasis in original).

[8]Rule 14(a) provides, in pertinent part, "[a] defending party may, as third-party plaintiff, serve a summons and complaint *on a nonparty* who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. 14(a)(1) (emphasis supplied).  Rule 14(b) allows a *plaintiff* to bring a third-party claim under certain circumstances.  *See* Fed. R. Civ. P. 14(b) ("When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do

Combs as much as acknowledges her pleading error in a later filing entitled "Counterclaim, and Third-Party Complaint Against Impleaded Defendant Zarzaur & Schwartz."[9]  The substantive allegations contained in that document are almost, if not completely, identical to those Combs asserted in the answer, counterclaim, and crossclaim she filed in state court.  Combs asserts a counterclaim against Rocky Mountain and a third-party claim against Zarzaur, both of which are for violations of the Act.  Combs did not move for leave of court before filing this document, but *after* it was filed, she filed a "Motion to Add Defendant,"[10] in which she requests permission to serve Zarzaur with a "summons and Amended Complaint."[11]

## II.  ZARZAUR'S RENEWED MOTION TO DISMISS

Zarzaur objected to Combs' motion to add it as a party and renewed its motion to dismiss her alleged third-party complaint.[12]  The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ.

---

so.").

[9]Doc. no. 5.

[10]Doc. no. 6.

[11]The court presumes that, when referring to the "Amended Complaint," Combs actually means the "Counterclaim, and Third-Party Complaint Against Impleaded Defendant Zarzaur & Schwartz" she filed in this suit, because there is no document in the record entitled or referred to as an Amended Complaint.

[12]Doc. no. 8.

P. 8(a)(2)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* — U.S. — , 127 S. Ct. 1955, 1969 (2007) (citations omitted).  These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 256, 286 (1986), and *Sanjuan v. American Bd. of Psychiatry and Neruology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*).  Thus, although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).  Viewed in this manner, the factual allegations of

the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 127 S. Ct. at 1965 (citations omitted).  Stated differently, the plaintiff must plead facts sufficient to "nudge[] [his]claims across the line from conceivable to plausible . . . ."  *Id.* at 1974.

Zarzaur argues that Combs cannot maintain a claim against it under the Act because it is not liable to Combs for any part of Rocky Mountain's original claim against her.  Indeed, Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on an nonparty *who is or may be liable to it for all or part of the claim against it*."  Fed. R. Civ. P. 14(a)(1) (emphasis supplied).  The Eleventh Circuit has elucidated Rule 14(a) as follows:

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

*United States v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir. 1987) (citing *Southeast Mortgage Co. v. Mullins,* 514 F.2d 747, 749-50 (5th Cir. 1975); *United States v. Joe Grasco & Son, Inc.,* 380 F.2d 749, 751-52 (5th Cir. 1967)).

Here, Zarzaur's liability to Combs under the Fair Debt Collection Practices Act is in no way dependent on the outcome of Rocky Mountain's original collection

action against Combs. *See McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992) ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid.") (citing 15 U.S.C. § 1692(a)). Even though Combs' third-party claim against Zarzaur under the Act may arise out of *some* of the same facts as Rocky Mountain's original debt collection action against Combs, the Fair Debt Collection Practices Act claim nonetheless is "separate and independent" from the original claim. *See North Star Capital Acquisitions, LLC,* 2007 WL 3522425, at *3-4 (holding that a Fair Debt Collection Practices Act counterclaim was "separate and independent" from the plaintiff's original claims for breach of contract, account stated, and money lent). Accordingly, Combs cannot assert her claim under the Act as a third-party claim against Zarzaur pursuant to Rule 14(a), and Zarzaur's motion to dismiss the third-party claim is due to be granted.[13]

## III. ROCKY MOUNTAIN'S MOTION TO DISMISS

Rocky Mountain also moved to dismiss the counterclaim Combs asserted against it, arguing that it is not a "debt collector" under the Act.[14] Indeed, the provisions of the Act apply only to "debt collectors," a term that carries a special

---

[13]It does not follow, however, that Combs could never assert a valid Fair Debt Collection Practices Act claim against Zarzaur. The court's holding is simply that the claim cannot be brought as a third-party claim in this action.

[14]Doc. no. 12.

statutory definition.[15]  The Act defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  The Act specifically excludes from the definition of a "debt collector"

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) *concerns a debt which was originated by such person*; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F) (emphasis supplied).  In other words, "[a] creditor is not a 'debt collector' as defined by the Act."  *Azar v. Hayter,* 874 F. Supp. 1314, 1319 (N.D. Fla. 1995).

Combs acknowledges this general rule.[16]  She nonetheless argues that Rocky Mountain can be held liable as a "debt collector" because it used names other than its own when attempting to collect the debt she owed.  The Act does state that "any creditor who, in the process of collecting his own debts, uses any name other than his

---

[15] *See, e.g.,* 15 U.S.C. §§ 1692c (restricting communication by "debt collectors"), 1692d (prohibiting harassing or abusive behavior by "debt collectors"), 1692e (prohibiting false or misleading representations by "debt collectors"), 1692f (prohibiting a "debt collector" from using "unfair or unconscionable means" to collect a debt), 1692g (requiring a "debt collector" to validate the debt).

[16] Doc. no. 14 (Combs' response to Rocky Mountain's motion to dismiss), Exhibit 4 (brief), at 2 ("Creditors are generally exempt from FDCPA coverage. . . .").

own which would indicate that a third person is collecting or attempting to collect such debts" will be considered a "debt collector." 15 U.S.C. § 1692a(6). Combs alleges that Rocky Mountain should be considered a debt collector because it variously used the names "Rocky Mountain Holdings," "Life Net Air Medical Services," "United Resource Systems, Inc.," and "Zarzaur & Schwartz" in its attempts to collect the debt she allegedly owed. The record does not support this conclusion. Plaintiff submitted all of the correspondence she received regarding the alleged debt.[17] These documents reveal that Rocky Mountain first sent Combs a bill on March 23, 2006, requesting payment of $4,994.50 for "Air Ambulance Services provided by Life Net, Inc."[18] Rocky Mountain sent Combs a second bill on May 18, 2006, again for the amount of $4,994.50, and again for "Air Ambulance Services provided by Life Net, Inc." The bill was accompanied by a letter that stated:

> Your account balance for ambulance services shown above is now SERIOUSLY PAST DUE. Our Collections Manager is now reviewing your account to arrange placement with an outside collection agency. Unfortunately, if full payment or satisfactory arrangements are not received within 30 days, your account will be referred to an agency for immediate collection.
>
> Help us protect your credit record by making payment today. If you have any questions, or wish to make payment arrangements, call our Customer Service Center immediately at the telephone number shown above.[19]

---

[17]Doc. no. 14, at attachments to Exhibit 1 (Affidavit of Peggy Combs).

[18]*Id.* at unnumbered page 9.

[19]*Id.* at unnumbered page 8.

On June 2, 2006, Rocky Mountain sent Combs a third notice demanding payment of $4,994.50 for "Air Ambulance Services provided by Life Net, Inc."  The letter accompanying the notice stated:

> This is our FINAL NOTICE AND DEMAND that you remit full payment for the full balance shown above.  We have made several attempts to gain your cooperation in clearing your balance with payment or agreeable arrangements, but we have not received payment.
>
> Unless we receive full payment on this account within 10 days, we will refer your account to a Professional Collection Agency.  Please keep in mind that the agency will report this account to national credit bureaus as a BAD DEBT, and add all legally allowed interest and fees to collect this debt.
>
> Please protect your credit record, and send full payment today.[20]

On February 14, 2007, Combs received a letter from United Resource Systems, Inc. ("United"), stating:

> United Resource Systems, Inc. *as the assignee of LifeNet Air Medical Services* (1), is prepared to offer you a settlement.
>
> **Act now, don't delay!**  This offer is only valid for 30 days.  We strongly urge you to take advantage of up to a 50% discount, and avoid further collection activity.
>
> Again this is a **limited offer,** and it will be your last opportunity to liquidate the balance on your account, so act now!
>
> If you cannot afford a settlement at this time, call me immediately to set up payment arrangements.
>
> If you have any questions or require any additional information

---

[20]*Id.* at unnumbered page 7 (capitalization in original).

please do not hesitate to contact me.[21]

Next, on March 22, 2007, Combs received a "Demand for Payment" of $5,529.80 (including the original $4,994.50 debt, plus $535.30 in interest) from United.  The demand letter stated, "YOUR CREDITOR HAS REFERRED YOUR ACCOUNT TO THIS OFFICE FOR COLLECTION."[22]   It referenced Combs' account with Life Net Air Medical Services, and further stated:

> UNLESS YOU, THE CONSUMER, NOTIFY *THIS COLLECTION AGENCY* WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY *THIS COLLECTION AGENCY*.  IF YOU, THE CONSUMER, NOTIFY *THIS COLLECTION AGENCY* IN WRITING WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, *THIS COLLECTION AGENCY* WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY *THIS COLLECTION AGENCY*.  UPON YOUR WRITTEN REQUEST WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, *THIS COLLECTION AGENCY* WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.
>
> This communication is from *a debt collector*.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.[23]

On July 25, 2007, Combs received a notice from Zarzaur, referencing Combs'

---

[21]*Id.* at unnumbered page 6 (boldface emphasis in original, italicized emphasis supplied).

[22]*Id.* at unnumbered page 5 (capitalization in original).

[23]*Id.* at unnumbered page 5 (capitalization in original, italicized emphasis supplied).

account with United, and requesting payment in the amount of $6,190.37 (apparently

including additional interest accrued since the March 22 Demand for Payment).  The

notice further stated:

> *Your past due balance has been referred to us for collection*.  The total account balance as of the date of this letter is shown above.  Your account balance may increase because of interest or other charges.
>
> Payment must be received in this office.  To insure proper credit, please reference our file number on your check or money order.
>
> This communication is from a debt collector.  Federal Law requires us to inform you that this is an attempt to collect a debt and information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that this debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment and we will mail you a copy of such verification or judgment.  If you request in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.[24]

The notice was accompanied by a "Statement of Account" from United, listing

Combs' account balance of $6,190.37.[25]

On August 9, 2007, Zarzaur sent Combs another notice, stating, "The above

amount [$6,204.23, apparently including additional accrued interest] is immediately

due on your account.  If you have any questions, please do not hesitate to contact the

---

[24]*Id.* at unnumbered page 3 (emphasis supplied).

[25]*Id.* at unnumbered page 4.

-13-

undersigned.  Please refer to our file number when remitting or making inquiries."[26]
The notice again referenced Combs' account with United Resource Systems.

Finally, on March 21, 2008, Zarzaur sent Combs a notice that a lawsuit would
be filed against her in the District Court for Morgan County, Alabama.  The notice
listed Rocky Mountain as the creditor and proposed plaintiff, and it listed Combs as
the defendant in the proposed lawsuit.  Zarzaur, who was listed as counsel for Rocky
Mountain, requested Combs to contact its office.[27]   Combs apparently neither
contacted Zarzaur, nor remitted payment in response to any of these requests, because
Rocky Mountain, through Zarzaur as its counsel, filed suit against her on March 17,
2008.[28]

It is clear from this record of correspondence that Rocky Mountain never used
any other name to indicate that a third person was collecting a debt.  *See* 15 U.S.C. §
1692a(6).  The notices Combs received on March 23, May 18, and June 2, 2006,
clearly stated they were from Rocky Mountain.  Although Rocky Mountain did use
the name "Life Net, Inc." on these notices, it was not attempting to indicate that Life
Net was collecting the debt.  To the contrary, Rocky Mountain and Life Net are
affiliated entities, and the use of Life Net's name was simply to indicate the services

[26]*Id.* at unnumbered page 2.
[27]*Id.* at unnumbered page 1.
[28]*See* Complaint, appended to Notice of Removal.  There is no explanation why Rocky
Mountain filed its lawsuit four days before it sent Combs notice that it would be filing suit.

-14-

for which Combs owed money, *i.e.,* "Air Ambulance Services provided by Life Net, Inc." Further, although Combs began receiving notices from United on February 14, 2007, the notices clearly identify United as a debt collection agency, and clearly state that the debt had been assigned to United from Life Net, Inc., for collection. Rocky Mountain did not deceptively use United's name in order to make it appear as though United was collecting the debt. Indeed, there was no need to create an *illusion* of United collecting the debt, because United is a debt collection agency and was engaged for the specific purpose of collecting the debt.

The same is true for Zarzaur. Zarzaur's pre-suit correspondence with Combs clearly states that her debt had been referred to its office for collection, and that it was acting as a debt collector *on Rocky Mountain's behalf.*

In conclusion, Rocky Mountain, as the original creditor on Combs' alleged debt, is not a "debt collector" as that term is defined by the Act. Accordingly, Rocky Mountain cannot be held liable under the Act, and Combs' counterclaim against Rocky Mountain is due to dismissed.

## IV. CONCLUSION

In accordance with all of the foregoing, Combs' third-party claim against Zarzaur and her counterclaim against Rocky Mountain are due to be dismissed. Zarzaur's first motion to dismiss Combs' alleged cross-complaint will be denied as moot. As Combs' Fair Debt Collection Practices Act claim against Zarzaur should

have been asserted as a third-party claim, her motion to add Zarzaur as a defendant will be granted.  Zarzaur's renewed motion to dismiss the third-party claim, however, will be granted, as will Rocky Mountain's motion to dismiss.   Only Rocky Mountain's original claims against Combs for account stated and breach of contract will remain.  The court declines to exercise supplemental jurisdiction over those claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . [it] has dismissed all claims over which it has original jurisdiction.").  *See also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-57 (1988).  Those claims will be remanded to the District Court for Morgan County, Alabama, from which they were removed.  An appropriate order will be entered contemporaneously herewith.

DONE this 1st day of August, 2008.

United States District Judge